# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No.  3:08CV067 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MIKE RANKIN, Registrar, | : | |
| Bureau of Motor Vehicles, *et al.*, | | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy, a resident of Trotwood, Ohio, brings this case *pro se* against the Ohio Registrar of Motor Vehicles, Mike Rankin, and Bailiff John Thompson. Plaintiff alleges that Bailiff Thompson interfered with his right to appeal his conviction for violating an Ohio seatbelt law.  The Ohio Bureau of Motor Vehicles allegedly informed Plaintiff that he faced a license suspension on March 21, 2008 because his Notice of Appeal and request for a stay was not filed in the Court of Appeals.  According to Plaintiff, upon his further investigation, Plaintiff learned from a deputy clerk for the Court of Appeals that Bailiff Thompson had "confiscated Ealy's entire file jacket in [Plaintiff's] traffic case."  (Doc. #1 at 3).  Plaintiff claims that through these intentional

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

and reckless acts, Bailiff Thompson violated his right to due process under the Fourteenth Amendment to the United States Constitution. *Id.*

In the present case, the Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A

Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). The Court's preliminary review of Plaintiff's *pro se* Complaint assumes the truth of his allegations and construes them liberally in his favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

To the extent Plaintiff seeks to invoke the Court's federal question jurisdiction by raising a claim under 42 U.S.C. §1983, his allegations are insufficient to establish an actionable claim. In order to state a §1983 claim, Plaintiff must allege facts showing that the person engaging in the alleged conduct acted under color of state law and that the alleged conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

Plaintiff's Complaint does not allege any act or omission committed personally by Registrar Mike Rankin. And, because Rankin's supervisory status as the Registrar is insufficient to establish §1983 liability, Plaintiff's Complaint does not state a §1983 claim against Registrar Rankin. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 663 n.7, 694-95 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

As to Bailiff Thompson, Plaintiff's Complaint raises specific allegations of misconduct that give rise to a potential due process claim.  However, Plaintiff's allegations reveal only speculative harm because he does not allege that he has suffered the actual suspension of his driver's license.  In addition, assuming that his license has been suspended, the Complaint does not allege facts or circumstances indicating that the postdeprivation remedies potentially available in Ohio for challenging a license suspension are constitutionally inadequate.  *See* Ohio Rev. Code §4501.351 (Ohio Registrar's order of suspension may be reversed, vacated, etc. by Ohio county court of common pleas); *cf. Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999)("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."); *cf. also Illinois v. Batchelder*, 463 U.S. 1112 (1983)(finding constitutional certain summary procedures for suspending a driver's license).

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and consequently it is subject to dismissal under 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED;

2. The case be terminated on the docket of this Court; and

3. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to

appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

April 28, 2008

                    s/ Sharon L. Ovington
                    Sharon L. Ovington
                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).