IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY E. EALY,
          Plaintiff,

    vs.                              Case No.  3:08cv067

MIKE RANKIN, et al.,         JUDGE WALTER HERBERT RICE

          Defendants.

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #3), AND OVERRULING THE PLAINTIFF'S OBJECTIONS THERETO (DOC. #4); JUDGMENT TO ENTER, DISMISSING THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THUS DISMISSING SAME UNDER 28 U.S.C. SECTION 1915(e)(2); LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

Magistrate Judge Sharon Ovington, to whom this matter was referred, has recommended that this Court dismiss the Plaintiff's Complaint (Doc. #2), in accordance with 28 U.S.C. § 1915(e)(2).  *See* Doc. #3.  The Plaintiff has objected to the Report and Recommendations of the Magistrate Judge.  *See* Doc. #4.  For reasons which follow, the Court overrules the Plaintiffs' Objections (Doc. #4).

As an initial matter, the Plaintiff has not objected to the Magistrate Judge's recommendation that the Court dismiss his claim against Defendant John

Thompson ("Thompson").  Such a failure to object constitutes a waiver of his right to challenge that recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Moreover, having conducted a *de novo* review of Judge Ovington's Report and Recommendations (Doc. #3), this Court adopts said Report and Recommendations as that judicial filing relates to Plaintiff's claim against Thompson.

Plaintiff has also set forth a claim against Mike Rankin ("Rankin"), as Registrar of Motor Vehicles for Ohio.  This Court rejects the Magistrate Judge's Report and Recommendations (Doc. #3) as they relate to the claim against Rankin, because Magistrate did not have the benefit of Plaintiff's more through explanation of this claim, which he has set forth in his Objections (Doc. #4).  Consequently, the Magistrate Judge did not address that explanation in her Report and Recommendations (Doc. #3).  Nevertheless, this Court agrees with that judicial officer's ultimate recommendation that this claim be dismissed in accordance with 28 U.S.C. § 1915(e)(2).  Accordingly, the Court overrules Plaintiff's Objections (Doc. #4), as they relate to that claim.

The Plaintiff explains in his Objections (Doc. #4) that he is seeking injunctive relief against Rankin, directing him to obey the Order of the Montgomery County Court of Appeals, staying the sentence imposed upon him (Plaintiff), pending the appeal of his conviction for a traffic offense in the Dayton Municipal Court.  Simply stated, the failure of a party in a state court action to follow an order of the state court does not violate the Due Process Clause of the Fourteenth Amendment or

any other constitutional provision, even though that party acted under color of state law.  Indeed, to hold that a violation of a state court order constitutes a violation of due process would be a rank infringement of the principles of federalism which underlie this nation.  Moreover, the Supreme Court has recognized that a plaintiff, asserting a procedural due process claim, must allege and prove that state remedies are inadequate.  Parratt v. Taylor, 451 U.S. 257 (1981).  Herein, the Plaintiff has failed to allege that the remedy of requesting the Montgomery County Court of Appeals to enforce its Order is not adequate.  Finally, the *Rooker-Feldman* doctrine would prevent this Court from adjudicating an assertion by the Plaintiff that the state court has failed to enforce its Order. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) (explaining *Rooker-Feldman* doctrine).

      Judgment will be ordered entered in favor of Defendants and against Plaintiff herein, dismissing the captioned cause, with prejudice, for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2).

      Given that any appeal from this action would be objectively frivolous, this Court denies Plaintiff leave to file *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| July 17, 2008 | /s/ Walter Herbert Rice <br> WALTER HERBERT RICE, JUDGE <br> UNITED STATES DISTRICT COURT |

Copies mailed to:

Larry Ealy, *Pro Se* Plaintiff